Robert Romero #130521
Name and Prisoner/Booking Number

A.S.P.C. Yuma/Cheyenne
Place of Confinement

P.O. Box 8909
Mailing Address

San Luis, AZ 85349-0376
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

☒ FILED   ☐ LODGED
Oct 10 2024
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Robert Romero,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Ofc. Robert Ravago,
(Full Name of Defendant)

(2) Ofc. Nicholas Brenbaum,

(3) Ofc. Evan Wick,

(4) Ofc. Kerssow,

Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-24-01545-PHX-SRB (DMF)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☑ Other: 42 U.S.C. § 1988

2. Institution/city where violation occurred: Phoenix, Arizona

Revised 12/1/23

1

550/555

### B. DEFENDANTS

5. UNKNOWN AGENTS EMPLOYED AS OFFICERS AT U.S. MARSHALS SERVICE TASK FORCE.

6. UNKNOWN OFFICERS EMPLOYED AS POLICE OFFICERS AT MESA POLICE DEPARTMENT

1-A

## B. DEFENDANTS

1. Name of first Defendant: _Robert Ravago #P21072_. The first Defendant is employed as: _Law Enforcement Officer_ at _____.
   (Position and Title)                                      (Institution)

2. Name of second Defendant: _Nicholas Birnbaum #15902_. The second Defendant is employed as: _Law Enforcement Officer_ at _____.
   (Position and Title)                                      (Institution)

3. Name of third Defendant: _Evan Wick #15868_. The third Defendant is employed as: _Law Enforcement Officer_ at _____.
   (Position and Title)                                      (Institution)

4. Name of fourth Defendant: _? Krassow #18466_. The fourth Defendant is employed as: _Law Enforcement Officer_ at _____.
   (Position and Title)                                      (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☑ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>Fourth Amendment's prohibition against search and seizure</u>.

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>Deadly Force</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Off. Robert Ravago, a member of the Arizona Wanted Violent Offender Unit Marshals' Task Force, shot at and wounded Plaintiff Robert Romero unnecessarily and without cause. On 11 July, 2022 @ 1530 hours, Off. Ravago and members of the Task Force located Plaintiff's vehicle at Comfort Suites in Peoria, AZ. After a short time of surveillance, Plaintiff and two (2) female companions were seen exiting the hotel and leaving in Plaintiff's vehicle. The officers followed the vehicle and observed it pull into the Parts Authority Store parking lot, located in Phoenix, AZ. Plaintiff was observed by the Defendant exiting his vehicle and walking into the store with a female companion. The Defendant and members of the Task Force planned to take Plaintiff into custody as he exited the store and made his way towards the vehicle. (Id. at Exh. A at 00048).
   Off. Ravago observed Plaintiff and Sarah Montoya exit the store and walk south towards his parked vehicle. (Id. at Exh. B at 00052).

   [Continued at page 3-A]

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Defendant's unjustified actions in using excessive/deadly force caused me to suffer irreparable damage including, but not exclusive to, physical injuries, mental anguish, loss of vision, physical pain and permanent nerve damage.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes  ☒ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes  ☒ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes  ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

COUNT I

SUPPORTING FACTS, CONTINUED.

ACCORDING TO RAVAGO'S OWN ACCOUNT:

"THE CONTACT CAR-INITIATED CONTACT WITH ROMERO. AS SOON AS ROMERO AND MONTOYA OBSERVED THE CONTACT VEHICLE, THEY BEGAN TO RUN TOWARDS THE VEHICLE SUCCESSFULLY MAKING IT TO THE OPPOSITE SIDE (PASSENGER SIDE) OF THE VEHICLE AND UTILIZING THE LEXUS AS A BARRIER FROM THE CONTACT TEAM"..."DURING THE TIME OF ROMERO RUNNING AROUND THE VEHICLE, I LOST FULL VISUAL OF HIM FOR A BRIEF MOMENT."..."I REGAINED VISUAL AS THE PASSENGER OF THE VEHICLE OPENED AND ALLOWED SUNLIGHT TO ENTER THE VEHICLE. DUE TO MY ELEVATED POSITION AND DOWNWARD ANGLE, I THEN SAW MONTOYA LEANING FORWARD INTO IN THE PASSENGER SEAT LEANED UP AGAINST THE DASHBOARD OF THE VEHICLE."..."I COULD SEE ROMERO HUNKERED DOWN, OUTSIDE OF THE PASSENGER DOOR AND HIS LEFT ARM REACHING IN THE VEHICLE PASSED MONTOYA AND TOWARDS THE CENTER CONSOLE, WHILE SHIELDING HIS FACE UNDER THE VEHICLE."..."I DEPLOYED TWO BEAN BAGS TO RIGHT SIDE (CLOSEST TO TRUNK) OF THE DRIVER WINDOW GLASS"..."I DEPLOYED THE SECOND BEANBAG DUE TO THE FIRST GETTING STUCK

COUNT I

SUPPORTING FACTS, CONTINUED.

IN THE FRAMING OF THE WINDOW"..." THIS PLACEMENT OF BEANBAGS WAS AWAY FROM ROMERO'S HIDDEN FACE AND ALSO AWAY FROM MONTOYA WHO WAS STILL LEANED ON THE DASHBOARD." (ID. AT EXH. B AT 00052)

INSOFAR AS THE DEFENDANTS DESCRIBE VIVID DETAILS IN THEIR REPORTS ABOUT HOW MANY ROUNDS WERE FIRED AND THE EXACT PLACEMENT OF THE ROUNDS, THE OFFICERS MISIDENTIFY WHETHER ONE OR THE OTHER FEMALE COMPANIONS WAS IN THE STORE WITH PLAINTIFF, DESPITE HAVING CONTINUING SURVEILLANCE ON BOTH FEMALE COMPANIONS SINCE THE INSTANT THEY LEFT THE HOTEL IN PLAINTIFF'S VEHICLE. SARAH MONTOYA WAITED IN THE VEHICLE THE ENTIRE TIME PLAINTIFF ENTERED AND EXITED THE STORE.

PLAINTIFF CLAIMS AS SOON AS HE EXITED THE STORE, THE DEFENDANTS ALL IN THE SAME SEQUENCE AND AT THE SAME TIME, APPROACHED PLAINTIFF, EXITED THE CONTACT CAR, ANNOUNCED THEIR PRESENCE, AND IMMEDIATELY BEGAN FIRING AT HIM, HITTING HIM IN THE FACE WITH PELLETS FROM A SHOTGUN OR PERHAPS PELLETS FROM A DELIBERATELY CUT BEANBAG. (ID AT EXH. D)

PLAINTIFF DOES NOT DISPUTE THAT DEFENDANTS ANNOUNCED THEIR PRESENCE. IN HINDSIGHT, PLAINTIFF VAGUELY RECALLS DEFENDANTS ANNOUNCE THEIR PRESENCE, AND ONLY REMEMBERS AFTER HE WAS APPREHENDED AND LAYING ON THE GROUND, BLOODY WITH GUNSHOT WOUNDS TO HIS FACE.

COUNT I

SUPPORTING FACTS, CONTINUED.

HOWEVER, BODYCAM FOOTAGE SHOWS PLAINTIFF HAD NOT BEEN GIVEN AN OPPORTUNITY TO ACKNOWLEDGE THE OFFICERS PRESENCE, OR AN OPPORTUNITY TO COMPLY WITH ANY OF THEIR COMMANDS BEFORE EMPLOYING EXCESSIVE/DEADLY FORCE. AT THE MOMENT PLAINTIFF EXITED THE STORE AND WAS MET WITH GUNFIRE, HE HAD NOT MADE ANY FURTIVE MOVEMENTS TOWARDS ANY OFFICERS NOR THAT HE WAS ACTIVELY RESISTING ARREST, AND WAS MERELY HOLDING A GROCERY BAG FROM THE PARTS STORE. SEE HENSLEY v. PRICE, 876 F.3d 573 (4TH CIR. 2017)

DEFENDANT WICK STATES IN HIS REPORT:
"TASK FORCE MEMBERS LOADED UP A CONTACT CAR AND AS ROBERT EXIT THE STORE WITH SARAH, THEY CONTACT HIM IN THE PARKING LOT [N]EAR THE VEHICLE." (ID AT EXH. A AT 00048)

PLAINTIFF AVOWS, DEFENDANTS BEGAN FIRING SHOTS WELL BEFORE HE REACHED THE VEHICLE. HE ONLY RAN BECAUSE DEFENDANTS IMMEDIATELY BEGAN FIRING LETHAL SHOTS, STRIKING HIM DIRECTLY IN THE FACE AND CAUSING SERIOUS PHYSICAL INJURIES. UNDER THE CIRCUMSTANCES, AT THAT MOMENT, HE FEARED FOR HIS LIFE, AND AS HE RETREATED TO TAKE COVER BEHIND HIS VEHICLE, DEFENDANTS CONTINUOUSLY FIRED SHOTS AT HIM AND THE VEHICLE, WHERE HIS SIGNIFICANT OTHER, SARAH MONTOYA WAS SEATED.

HOWEVER, DEFENDANT RAVAJO'S STATEMENT IN HIS REPORT

COUNT I

SUPPORTING FACTS, CONTINUED

FALLS SHORT OF THIS FACT AND IS MISLEADING. RAVAGO'S VERSION OF EVENTS ARE INSCRUTABLE AND ANTICIPATED. NONE OF RAVAGO'S STATEMENTS IN HIS REPORT ARE SUPPORTED BY ANY OF THE OTHER DEFENDANTS STATEMENTS AND NONE OF THE OTHER DEFENDANTS REPORTS CORROBORATE RAVAGO'S VERSION OF EVENTS THAT TRANSPIRED. SEPARATE AND APART FROM DEFENDANTS MIS-IDENTIFICATION OF WHICH FEMALE COMPANION ENTERED AND EXITED THE STORE WITH PLAINTIFF, BODYCAM FOOTAGE SHOWS PLAINTIFF'S BODY POSITION CLEARLY INDICATES THAT HE PLACED HIS HAND REACHING OVER MONTOYA TO SHIELD HER FROM GUNFIRE. DETAILS THAT DEFENDANTS MAKE NO MENTION OF AND ARE NO MERE DISCREPANCIES IN THEIR REPORTS.

THE DEFENDANTS STATEMENTS ARE INCONSISTENT AND CONTRADICT RATHER THAN SUPPORT EACHOTHER'S VERSION OF EVENTS THAT OCCURRED. FURTHERMORE, AT NO POINT AT ANY TIME, FROM THE TIME PERIOD WHEN PLAINTIFF EXITED THE STORE AND UP TO THE TIME HE RETREATED BEHIND HIS VEHICLE, NONE OF THE DEFENDANTS OBSERVED PLAINTIFF POSSESS ANY HANDGUN OR THAT HE MAY HAVE HAD A HANDGUN ON HIS PERSON NOR STATED THAT HE POSED AN IMMEDIATE THREAT TO THE SAFETY OF THE OFFICERS. ACCORDING TO DEFENDANT BIRNBAUM'S OWN ACCOUNT:

> "I HEARD THE REPORT OF BEANBAG/SHOTGUN ROUNDS"..."I THEN OBSERVED ROMERO ON THE GROUND ON THE PASSENGER SIDE OF THE LEXUS."...
> "I OBSERVED ROMERO'S FACE WAS BLOODY AND

## COUNT I

**SUPPORTING FACTS, CONTINUED.**

WAS TAKEN INTO CUSTODY WITHOUT FURTHER INCIDENT." (ID AT EXH. C AT 0114)

THE RECORD SHOWS DEFENDANTS KNEW THE DETAILS ABOUT THE CIRCUMSTANCE OF PLAINTIFF'S LOCATION INSIDE THE STORE, WERE ABLE TO ASSESS THE DISTANCE FROM WHICH HIS CAR WAS PARKED AWAY FROM THE STORE'S ENTRANCE, AND HAD PLENTY OF TIME TO COORDINATE A PLAN OF APPREHENSION WHILE PLAINTIFF WAS INSIDE THE STORE AND SEIZE PLAINTIFF AS SOON AS HE EXITED THE STORE.

ON INFORMATION AND BELIEF, UNDER POLICE DEPARTMENT TRAINING AND PROCEDURES, IF A CONTACT CAR MAKES CONTACT WITH A SUSPECT, DURING THE SAME SEQUENCE AND SIMULTANEOUSLY, MORE OFFICERS - ON FOOT - WOULD TAKE ACTION AND SURROUND THE SUSPECT TO PREVENT ESCAPE. NOTHING PROMPTED DEFENDANTS FOR AN IMMEDIATE RESPONSE TO FIRE SHOTS FOR ANY REASON, ESPECIALLY DIRECTLY AT PLAINTIFF'S FACE.

HOSPITAL RECORDS SHOW THAT PLAINTIFF SUSTAINED GUNSHOT WOUND PELLETS TO HIS FACE, JAW, SHOULDER AND EYE WHERE THEY REMAIN. THE MANNER IN WHICH DEFENDANTS SEIZED PLAINTIFF WAS UNREASONABLE UNDER THE CIRCUMSTANCES AND A DEPARTURE FROM DEPARTMENT PROTOCOLS.

BASED ON THESE FACTS, DEFENDANTS LACK OF PROPER TRAINING AND INCONSISTENT VERSION OF EVENTS ARE NOT SUFFICIENTLY COMPELLING TO JUSTIFY USE OF EXCESSIVE/DEADLY FORCE. DEFENDANTS ACTIONS WERE NOT WITHIN STANDARDS OF POLICE

COUNT I

SUPPORTING FACTS, CONTINUED.

DEPARTMENT POLICIES AND PROCEDURES. AS A RESULT, I WAS SEVERELY INJURED.

DEFENDANTS CONDUCT OF USE OF EXCESSIVE/DEADLY FORCE AGAINST ME WAS UNREASONABLE UNDER THE FOURTH AMENDMENT, RESULTING IN BODILY INJURY UNDER COLOR OF LAW.

3-F

## COUNT II

1. State the constitutional or other federal civil right that was violated: _Fourth, Eighth & Fourteenth Amendment violations of search and seizure, cruel and unusual punishment, and due process/equal protection._

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☑ Threat to safety
   - ☑ Other: _Dutiful Negligence_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   This complaint asserts that the individual defendants each exercised gross negligence, indifference, recklessness and intentional conduct in violation of the due process clause of the 14th Amendment, and asserts asserts negligence under amendments to both Federal and State constitutions. As such, this claim, brought forth as a cause of action for damages under the 4th, 8th & 14th Amendments, is a right of action against persons whom under color of law, custom or usage, as previously established within Count I, subjected Plaintiff(s) to deprivations of individual protected rights, privileges or immunities secured by Federal Constitution. It is further contended that these members of the State Law Enforcement community, acting under color of State law, while conducting themselves under the guise of the Arizona Wanted Violent Offender Unit Marshal's Task Force (AWTF), individually and/or collectively, placed Plaintiff(s) in imminent fear for their life, and caused, or allowed to be caused, serious and permanent bodily injury upon the Plaintiff(s), in violation of both State and Federal constitutions. Accordingly, this §1983 suit for substantive due process and equal protections violations contend these defendants are guilty of grave unfairness in the discharge of their legal responsibilities and the legal execution of their duties. And, it is due to this adverse indifference towards training, policy, and procedure, which directly led to the individual failures of each defendant to individually and/or collectively intervene, in the instant, to the events as described within Count I. (continued at "4A")

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). _Defendants negligence and ignorance induced a State-created-danger that placed Plaintiffs in a position to be injured unnecessarily._

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☑ No
   b. Did you submit a request for administrative relief on Count II? ☐ Yes ☑ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☑ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

Count II, cont.

Likewise, it is asserted that the significant gross negligence and dereliction of duty of the agents involved, again, either individually or collectively, allowed for this reckless, direct cause of action and the misconduct of Ofc. Ravago to manifest and escalate to that of an excessive use and abuse of deadly force.

Therefore, it is tendered that but for the defendants unwillingness to comport with and follow proper governmental doctrine, policy, procedure and/or conduct, in felony apprehensions, and the defendants unwillingness to make even the minimalist attempt towards intervention or deescalation, in the instant, this State-created-danger would not have risen to the level or scale of public violence that caused Plaintiff(s) harm and injury. These defendants' complicit and culpable due to their silence, as they each did little to nothing to prevent the harmful and irreversible events and actions of Ofc. Ravago from occurring. Equally, these defendants did little to nothing to protect and preserve the welfare and well-being of the public citizenry.

Thus, this public danger manifested by the State's own actions, in the form of its agents conduct, which specifically placed the Plaintiff(s) and the general public in grave danger of harm, is an accountable and libelous offense of § 1983 consequence, given that it must be reasoned that the preeminent and primary function of fundamental duty for ALL law enforcement personnel rests in protecting and preserving individual property, life and liberty. As an uncontestable fact of truth, this function of responsibility extends to that of ALL citizens; inclusive of fellow officers, and even, criminal suspects and fugitives, alike.

Count II, cont.

Within this claim, the material evidence, evinced within Count I, will demonstrate that defendants were aware of facts from which they could infer and/or reason there was an excessive risk of potential danger and/or harm to themselves, the Plaintiff(s) and/or the general public, which demanded that every member of the AWTF accordingly exercise and act with great caution, discretion and awareness, in order to protect and preserve the welfare, property, liberty and life of both the general public, on the whole, and the Plaintiff(s) themselves. As these defendants failed in heeding both their training and established governmental protocols, policies and procedures, they collectively failed in maintaining control of the environment, failed in maintaining strategic tactical advantage, failed in maintaining situational awareness, all of which consequently led to their failing to prevent the escalation of events, within this public venue. Moreover, these State agents failed in their duty to protect and preserve, as they recklessly and negligently endangered the welfare and lives of the general public at large, while causing irreparable physical, emotional and mental harm to the Plaintiff(s). These defendants failures constitute reckless disregard, negligence and a prohibitive violation of policy, in process and practice, so as to establish the unjustified deprivation of Plaintiff(s) liberty interests.
The defendants not only abandoned their individual and collective training and their oaths as peace officers, but, wholly ignored the policies, the practices and the protocols put in place by their respective policing departments for protecting and preserving and ensuring the rights, liberty interests and lives of the citizenry, from unnecessary, imprudent harm and/or danger. And, as such, it was and remains the defendants' ignorance and failings which amount to a State-created-danger predicated upon affirmative acts

-48-

Count II, cont.

that manifested and/or increased the risk that the Plaintiff(s) and the general public would be exposed to private acts of violence.

In not apprehending their suspect upon first observance at the motel and allowing their suspect to enter his vehicle, despite the threat of weaponry within, and allowing their suspect to exit the premises to travel through public communities to parts unknown, and by allowing their suspect to enter a public facility without "eyes" upon their fugitive, and by attempting apprehension of their suspect while in the company of an innocent civilian, these officers, these defendants created a circumstance of danger and potential violence where members of the public could have become innocent victims and the Plaintiff(s) to have suffered even greater harm and injury then they incurred.

- 4c -

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Mr. Romero seeks remedies of relief as follows: (1) A formal public declaration that the acts and omissions described herein violated Plaintiff's rights under the constitution and laws of the United States; (2) Compensatory (Non-Economic) damages for physical pain and suffering, emotional distress, mental anguish and permanent injury, in the amount of $8,500,000.00; (3) Compensatory (Economic) damages for future health/medical costs and expenses in an amount to be determined by the jury; (4) Punitive damages in the amount of $250,000 against each defendant; (5) Court costs and filing fees incurred herein; and, (6) Attorney fees and any other relief deemed just and reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10 October, 2024__
DATE

_Robert Romero_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6